# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1831V**

|  |  |
|---|---|
| CAROL AMICK,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2026 |

*John Clarke Newton, Bluestein Thompson Sullivan, LLC, Columbia, SC, for Petitioner.*

*Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 18, 2023, Carol Amick filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.2 (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury following an influenza vaccination she received on February 3, 2022. Petition at 1; Stipulation, filed on October 10, 2025, ¶¶ 2, 4. The parties settled the claim, and I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $18,754.63 (representing $17,217.00 in fees plus $1,537.63 in costs). Motion for

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Attorneys' Fees and Costs filed December 1, 2025, ECF No. 38. Counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 1.

Respondent reacted to the motion on January 5, 2026, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 39. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

I have reviewed the billing records submitted with Petitioner's request. Petitioner requested the hourly rate of $450.00 for all work performed by Attorney Newton between 2023-25. ECF No. 38-2 at 1-6. Although the proposed rate for 2023 falls within the experience range provided in OSM's recently updated Fee Schedules[2] for similarly-situated attorneys, I find the requested rate to be excessive (solely because it exceeds in magnitude the rate increases awarded for this attorney in past years – not because of any concerns with the quality of his work). Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[3] a rate of **$430.00 per hour** is more appropriate for time billed by Mr. Newton for the year 2023. **Application of the foregoing reduces the fees to be awarded by $490.00**.[4] For time billed from 2024-25, however, the requested rate of $450.00 is reasonable, and will therefore be adopted.

**ATTORNEY COSTS**

Petitioner has provided supporting documentation for all claimed costs. ECF No. 38-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for Attorney's Fees and Costs. **Petitioner is awarded attorneys' fees and costs in the total amount $18,264.63 (representing $16,727.00 in fees $1,537.63 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

---

[2] The OSM Attorneys' Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[3] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This amount is calculated as: ($450 - $430 = $20 x 24.50 hrs) = $490.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master